# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

---------------------------------------------------------------x

In re:

THE FINANCIAL OVERSIGHT AND
MANAGEMENT BOARD FOR PUERTO RICO,

    as representative of

THE COMMONWEALTH OF PUERTO RICO, et al.,

                    Debtors.[1]

---------------------------------------------------------------x

RENÉ PINTO LUGO, ET AL, VAMOS, MOVIMIENTO DE CONCENTRACIÓN CIUDADANA INC., (VAMOS); UNIÓN DE EMPLEADOS DE OFICINA Y PROFESIONALES DE LA AUTORIDAD DE EDIFICIOS PÚBLICOS, (UEOGAEP); UNIÓN INSULAR DE TRABAJADORES INDUSTRIALES Y CONSTRUCCIONES ELÉCTRICAS INC., (UITICE); UNIÓN INDEPENDIENTE DE EMPLEADOS DE LAAUTORIDAD DEACUEDUCTOS YALCANTARILLADOS, (UIA); UNIÓN DEEMPLEADOS DEOFICINACOMERCIO YRAMASANEXAS, PUERTOS, (UEOCRA); UNIÓN DE EMPLEADOS DEL BANCO DE LA VIVIENDA, (UEBV); UNIÓN DE EMPLEADOS PROFESIONALES INDEPENDIENTES, (UEPI); UNIÓN NACIONAL DE EDUCADORES Y TRABAJADORES DE LA EDUCACIÓN, (UNETE); AND ASOCIACIÓN DE INSPECTORES DE JUEGOS DE AZAR, (AIJA); ASOCIACIÓN DE JUBILADOS DE LA

PROMESA
Title III

Case No. 17-3283 (LTS)
(Jointly Administered)

Adv. Proc. No. 18-041-LTS in 17 BK 3283-LTS

---

[1] The Debtors in the underlying Title III Case, along with each Debtor's respective Title III case number listed as bankruptcy case number due to software limitations and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS). (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747). (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

AUTORIDAD DE ENERGÍA ELÉCTRICA HEREINAFTER (AJAEE)

Plaintiffs

v.

THE GOVERNMENT OF THE UNITED STATES OF AMERICA, (USA); FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO (THE FOMB); AND RICARDO ROSSELLÓ NEVARES IN HIS OFFICIAL CAPACITY.

Defendants

----------------------------------------------------------------x

THE GOVERNMENT OF THE UNITED STATES OF AMERICA, (USA); FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO (THE FOMB); AND RICARDO ROSSELLÓ NEVARES IN HIS OFFICIAL CAPACITY

Movants

v.

RENÉ PINTO LUGO, ET AL, VAMOS, MOVIMIENTO DE CONCENTRACIÓN CIUDADANA INC., (VAMOS); UNIÓN DE EMPLEADOS DE OFICINA Y PROFESIONALES DE LA AUTORIDAD DE EDIFICIOS PÚBLICOS, (UEOGAEP); UNIÓN INSULAR DE TRABAJADORES INDUSTRIALES Y CONSTRUCCIONES ELÉCTRICAS INC., (UITICE); UNIÓN INDEPENDIENTE DE EMPLEADOS DE LAAUTORIDAD DEACUEDUCTOS YALCANTARILLADOS, (UIA); UNIÓN DEEMPLEADOS DEOFICINACOMERCIO YRAMASANEXAS, PUERTOS, (UEOCRA); UNIÓN DE EMPLEADOS DEL BANCO DE LA VIVIENDA, (UEBV); UNIÓN DE EMPLEADOS PROFESIONALES INDEPENDIENTES, (UEPI); UNIÓN NACIONAL DE EDUCADORES Y

TRABAJADORES DE LA EDUCACIÓN,
(UNETE); AND ASOCIACIÓN DE
INSPECTORES DE JUEGOS DE AZAR, (AIJA);
ASOCIACIÓN DE JUBILADOS DE LA
AUTORIDAD DE ENERGÍA ELÉCTRICA
HEREINAFTER (AJAEE)

          Respondents

------------------------------------------------------------------x

# NON-DEBTOR DEFENDANT GOVERNOR RICARDO ROSSELLÓ NEVARES MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED ADVERSARY COMPLAINT UNDER FED R. CIV. P. 12(b)(1) and 12(b)(6)

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE LAURA TAYLOR SWAIN:**

Governor Ricardo Antonio Rosselló Nevares (the "Governor") hereby avers as follows:

**PRELIMINARY STATEMENT**

Plaintiffs seek a declaration that the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") is unconstitutional because it allegedly violates the Declaration of Independence of the USA, the First, Fifth, and Fourteenth Amendment of the United States Constitution, the Charter of the United Nations, the Declaration of Human Rights of the United Nations, and the International Covenant of Civil and Political Rights, and therefore *all the Oversight Board's acts and determinations* are unconstitutional and null.  Plaintiffs also demand additional extraordinary relief, namely (i) an order compelling "the members of the Board, the Board itself and all of its contractors" to return to the Commonwealth any monies paid pursuant to PROMESA,[1] (ii) a stay prohibiting the Oversight Board from pursuing its statutory mandate (including the certification and implementation of fiscal plans and budgets) until an "independent, integral, legal and forensic audit" of Puerto Rico's debt is completed and (iii)  an injunction barring the Government of Puerto Rico from disposing of and/or privatizing the Puerto Rico Electric Power Authority ("PREPA") without complying with the Puerto Rico Constitution.[2]   (Compl. ¶ VI, pg. 106-07).

---

[1]  Alternatively, Plaintiffs ask the Court to remove two members from the Oversight Board based on alleged conflicts of interest, and to declare the Oversight Board's actions to date null and void.  Compl. ¶ VI.2, pg. 106.

[2]  Plaintiffs also (*i*) assert the Oversight Board (along with the Government of Puerto Rico) is "intervening" with the University of Puerto Rico and ask that such intervention "be stopped," Compl. ¶ V.F.30, pg. 105-06, and (*ii*) ask that the United States government be included as a party to answer the allegations of the Complaint and assume any and all "constitutional and legal liabilities it should be compelled to assume over the public debt of the government of Puerto Rico

Virtually none of the claims alleged or relief sought pertain to the Governor. The Amended Complaint's only attempt to plead claims against the Governor is in Causes of Action Four and Six. (*See* Am. Compl. Parts V.D, ¶ 11, V.F ¶ 7). The remaining Causes of Action must be dismissed against the Governor for lack of standing because none of them alleges harms traceable to the Governor's actions or could be redressed by relief against him. As for the claims against the Governor, Plaintiffs fail to satisfy the most basic requirement that they have standing to bring those claims against him because the Complaint fails to allege any cognizable harm flowing from the Governor's alleged actions. And even if Plaintiffs somehow did have standing, they nevertheless fail to state a claim against the Governor.

## STANDARD OF REVIEW

The Governor moves to dismiss the Amended Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) and for failure to state a claim under Rule 12(b)(6). A court "confronted with motions to dismiss under both Rules 12(b)(1) and 12(b)(6), [] ordinarily ought to decide the former before broaching the latter." *Deniz v. Municipality of Guaynabo*, 285 F.3d 142, 149 (1st Cir. 2002) (internal citations omitted).

### A. Rule 12(b)(1): Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and with that comes the duty "to police the border of federal jurisdiction" *Spielman v. Genzyme Corp.*, 251 F.3d 1, 4 (1st Cir. 2001). Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") therefore requires dismissal if the court lacks subject matter jurisdiction. Challenges to a court's subject-matter jurisdiction may include

---

and the illegal and unconstitutional imposition of the [Oversight Board] over the Plaintiffs, Puerto Rico and its residents," *id*. ¶ VI.4, pg. 107.

2

ripeness, mootness, the absence of a federal question and sovereign immunity. *See Valentín v. Hospital Bella Vista,* 254 F.3d 358, 362–63 (1st Cir. 2001).

Motions under Rule 12(b)(1) serve the underlying purpose of challenging two different types of flaws: "the pleader's failure to comply with Federal Rule of Civil Procedure 8(a)(1) and the court's actual lack of subject matter jurisdiction, which may exist despite the formal sufficiency of the allegations in the complaint." *López v. Ortiz*, 2015 U.S. Dist. LEXIS 43643, *7-8, 2015 WL 1470566 (DPR Mar. 31, 2015) (citing *Tropical Air Flying Services, Inc. v. Carmen Feliciano de Melecio,* 158 F. Supp. 2d 177, 181 (D.P.R. 2001).

"[T]he party invoking federal jurisdiction bears the burden of establishing its existence." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998). Once the court's jurisdiction is challenged through a motion to dismiss, it is Plaintiff's burden to show that the federal court has jurisdiction over the claims. *Fayard v. Ne. Vehicle Servs., LLC*, 533 F.3d 42, 48 (1st Cir. 2008); *see also Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007) (citing *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995)); *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3, (2006) ("The party asserting federal jurisdiction when it is challenged has the burden of establishing it.").

The Federal Rules of Civil Procedure mandate that when a federal court lacks subject matter jurisdiction under Rule 12(b)(1) it has only one course of action left open to it: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court *shall dismiss* the action." *Mills v. Maine,* 118 F.3d 37, 51 (1st Cir. 1997) (emphasis supplied) (citing Fed. R. Civ. P. 12(h)(3) (If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235 (2006) ( "When a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety."); *FW/PBS, Inc. v. City of Dallas,*

3

493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"). "A final determination of lack of subject-matter jurisdiction of a case in a federal court, of course, precludes further adjudication of it." *Willy v. Coastal Corp.*, 503 U.S. 131, 137, 112 S. Ct. 1076 (1992).

### B. Rule 12(b)(6): Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) applies to adversary proceedings by virtue of Federal Rule of Bankruptcy Procedure 7012(b). *See* Fed. R. Bankr. P. 7012(b) (incorporated into the Puerto Rico Oversight, Management, and Economic Stability Act, Pub. Law 114-187 ("PROMESA") by 48 U.S.C. § 2170). Rule 12(b)(6) authorizes the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Meléndez-Morales v. Dep't of Army*, No. CIV.08-1298 DRD BJM, 2011 WL 925561, at *2 (D.P.R. Jan. 28, 2011). (quoting *Twombly,* 550 U.S. at 555). The complaint must allege enough factual content to nudge a claim "across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (citing *Twombly*, 550 U.S. at 570).

## ARGUMENT

### I. PLAINTIFFS LACK STANDING TO SUE THE GOVERNOR.

#### A. Causes of Action One, Two, Three, and Five Do Not Allege Any Actions by the Governor.

The Amended Complaint attempts to plead claims against the Governor only in Causes of Action Four and Six. (*See* Am. Compl. Parts V.D, ¶ 11, V.F ¶ 7). The remaining Causes of Action must be dismissed against the Governor for lack of standing because none of them alleges harms traceable to the Governor's actions or could be redressed by relief against him.

4

To establish standing, a plaintiff must satisfy Article III's case-or-controversy requirement by "show[ing] an 'injury in fact' that is 'fairly traceable' to the defendant's conduct and 'that is likely to be redressed by a favorable judicial decision.'" *Bank of Am. Corp. v. City of Miami, Fla.*, 137 S. Ct. 1296, 1302 (2017) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). "Because Article III standing is a *sine qua non* to federal judicial involvement, a federal court must resolve any doubts about such standing before proceeding to adjudicate the merits of a given case." *United States v. Catala*, 870 F.3d 6, 9 (1st Cir. 2017).

Plaintiffs bear the burden of establishing Article III standing by presenting allegations of an "'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) 'actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1993) (citations omitted). A bedrock of standing jurisprudence is that a federal court may "only redress injury that fairly can be traced to the challenged action of the defendant . . ." *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41-42 (1976). It must be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000) (citing *Lujan*, 504 U.S. at 560–61).

Causes of Action One, Two, Three, and Five do not implicate any action the Governor has taken or failed to take, and so Plaintiffs lack standing to sue the Governor on these counts. *Katz v. Pershing*, LLC, 672 F.3d 64, 71-72 (1st Cir. 2012) ("Because the opposing party must be the source of the harm, causation is absent if the injury stems from the independent action of a third party.") (citing *Simon v. E. Ky. Welfare Rights Org*., 426 U.S. 26, 41–42, 96 S. Ct. 1917 (1976)). Causes of Action One through Three challenge solely the United States Congress's decision to

5

enact to PROMESA and create the FOMB. It is self-evident these do not meet the redressability requirement as to the Governor because they seek no relief against him. *Id*. at 72.

Similarly, Cause of Action Five concerns the United States' alleged obligations to the people of Puerto Rico and for Puerto Rico's debt. This claim does not mention the Governor, much less rely on any alleged conduct the Governor has undertaken. Thus, this claim also fails for lack of standing against the Governor. *Friends of the Earth, Inc*., 528 U.S. at 180.

B.  **Plaintiffs Lack Standing to Sue the Governor on the Fourth Cause of Action.**

Plaintiffs likewise cannot satisfy the standing test as to the Governor for the Amended Complaint's Fourth Cause of Action. The first prong of that claim is not directed at the Governor at all, as it seeks to terminate two members of the Board due to alleged conflicts of interest. Since the claim does not concern the Governor's alleged conduct and does not explain how any relief could be awarded against the Governor that would redress Plaintiffs' alleged harm, Plaintiffs lack standing to sue the Governor under that portion of the claim.

Plaintiffs likewise lack standing to seek an order against the Governor compelling the Board and Puerto Rico's elected Government to conduct a forensic audit of the public debt. Plaintiffs fail to allege any concrete injury to them resulting from the Government's allegedly wrongful failure to conduct an audit. Plaintiffs demand an audit only because they are concerned about "the legality of the public debt and the liabilities of third parties for any and all illegal acts in the issuance and sale of that public debt." (Am. Compl., Casuse of Action Four, ¶ 27.) But Plaintiffs' allegations of wrongdoing are conclusory and speculative, and therefore cannot demonstrate a concrete injury that can be traced to any specific actions of the Governor. *Lujan*, 504 U.S. at 560-61 (noting that an injury sufficient to satisfy the Article III standing requirement must be "actual or imminent, not 'conjectural' or 'hypothetical.'") (citation omitted); *see also Whitmore v. Arkansas*, 495 U.S. 149 (1990) ("A federal court is powerless to create its own

6

jurisdiction by embellishing otherwise deficient allegations of standing.") Further, Plaintiffs fail to allege that any law compels the Governor to conduct a forensic audit or that such a law contains a private right of action that would provide Plaintiffs an avenue for challenging any alleged inaction. *See Allco Renewable Energy Ltd. v. Mass. Elec. Co.*, 875 F.3d 64, 73–74 (1st Cir. 2017) (holding that a cause of action does not exist without a private right of action).

### C. Plaintiffs Lacks Standing to Sue the Governor on the Sixth Cause of Action.

The Complaint's Sixth Cause of Action seeks to enjoin a sale of the Puerto Rico Energy and Power Authority ("PREPA"). The Amended Complaint alleges that the Plaintiffs will suffer injury because the Commonwealth is failing to conserve natural resources for the benefit of the Puerto Rico community and because Defendants are "intervening" with the University of Puerto Rico in a manner that will cause increased tuition fees, reduced budgets, and closed campuses. (Am. Compl. at 105.) But none of those allegations confer standing on Plaintiffs because they have not alleged that *they* will suffer any concrete injury as a result of the alleged harms, that those harms are imminent or likely to occur, and that any alleged injury is fairly traceable to the Governor's alleged actions. *Lujan*, 504 U.S. at 560-61; *Reddy*, 845 F.3d at 500; *Eastern Ky. Welfare Rights Organization*, 426 U.S. at 41–42. For these reasons, Plaintiffs lack standing to bring the Sixth Cause of Action.

### II. IN ANY EVENT, THE COMPLAINT FAILS TO STATE CLAIMS AGAINST THE GOVERNOR IN CAUSES OF ACTION FOUR AND SIX.

As explained below, Causes of Action Four and Six fail to state a claim on which relief can be granted as to the Governor.

### A. Cause of Action Four Fails as Against the Governor Because He Has No Obligation to Conduct an Audit and Has Appropriately Relied on the FOMB's Independent Investigation.

7

Even if Plaintiffs had standing to bring Cause of Action Four against the Governor, it would still fail to state a claim as against the Governor. That claim rises and falls on Plaintiffs' assertion that the Governor has a "fiduciary duty" to undertake an audit, but the Complaint offers only conclusory allegations of such a duty without citing any legal or constitutional authority. (*See* Am. Compl., Count IV, ¶ 13; *see also id.* ¶24 (asserting that the Governor has a fiduciary duty to undertake an audit "considering . . . the [unspecified] constitutional and statutory obligations of his office").) Conclusory allegations such as these are insufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that "mere conclusory statements, do not suffice" and a complaint is deficient if it contains only "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement.") (internal quotation marks omitted).

And even if there were such a duty, the Governor has adequately discharged it. Contrary to the Complaint's allegations, the Governor has not, through his words or actions, demonstrated "no interest or concern over the legality of the public debt and the transparency with which public affairs should be managed." (Am. Compl., Count IV, ¶ 12.) To the contrary, when the Governor canceled the elected Government's audit of Puerto Rico's public debt, he made clear that he was doing so in light of an investigation conducted under the auspices of PROMESA paid for by the Commonwealth. *See* Luis J. Valentin Ortiz, *Puerto Rico Government Repeals Commission to Audit Debt*, Caribbean Business, April 19, 2017. As the FOMB explains in its motion to dismiss, the FOMB's independent PROMESA investigation was thorough and transparent, and it addressed (among other things) (i) the reasons behind Puerto Rico's financial crisis, (ii) whether there was any intention to evade Puerto Rico's constitutional debt limits, (iii) compliance with the federal securities laws, and (iv) potential claims against responsible parties for their role in the events,

8

transactions, and occurrences under investigation. FOMB Mot. at 28–30. For these additional reasons, the Complaint fails to state a claim against the Governor in Cause of Action Four.

### B. Cause of Action Six Fails to State a Claim Because Plaintiffs Have No Role in the Fiscal Plan Process.

Plaintiffs' challenge to the Governor's actions under the Fiscal Plan as violations of their Due Process rights fails because under PROMESA, only the Governor—not a private citizen or a non-governmental entity—is authorized to engage with the Board in the fiscal plan process.[3] Under Act 2-2017, the Puerto Rico Fiscal Agency and Financial Advisory Authority ("AAFAF"), as the Governor's designee, exclusively manages cooperation between the Board and the Commonwealth's elected Government entities in creating, executing, supervising, and ensuring compliance with plans and budgets developed and certified under PROMESA. Act 2-2017 § 5(a)–(b).[4]

## CONCLUSION

For the reasons stated above, Plaintiffs' Amended Complaint must be dismissed with prejudice against the Governor.

---

[3] To the extent that Cause of Action Six makes allegations regarding UPR, those allegations do not request any relief and therefore cannot state a claim. But even if there were a specific request for relief, the Cause of Action fails because Plaintiffs challenge decisions made under the fiscal plan process, a process in which Plaintiffs have no legal role.

[4] The Governor also adopts and incorporates by reference as if fully set forth herein the Oversight Board's argument in its motion to dismiss that Cause of Action Six is not ripe (Section VII.B. of the Oversight Board's motion).

Dated: August 23, 2018     **WANDA VÁZQUEZ GARCED**
Secretary of Justice

*/s/ Wandymar Burgos Vargas*
**WANDYMAR BURGOS VARGAS**
USDC 223502
Deputy Secretary in Litigation
Department of Justice
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Phone: 787-721-2940 Ext. 2500, 2501
wburgos@justicia.pr.gov

*/s/ John J. Rapisardi*
John J. Rapisardi (*pro hac vice*)
William J. Sushon (*pro hac vice*)
Peter Friedman (*pro hac vice*)
**O'MELVENY & MYERS LLP**
7 Times Square
New York, NY 10036
Tel: (212) 326-2000
Fax: (212) 326-2061
Email: jrapisardi@omm.com
        wsushon@omm.com
        pfriedman@omm.com

*/s/ Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi
USDC No. 222301
Email: lmarini@mpmlawpr.com
Maria T. Alvarez-Santos
USDC No. 302911
Email: malvarez@mpmlawpr.com
**MARINI PIETRANTONI MUÑIZ LLC**
MCS Plaza, Suite 500
255 Ponce de León Ave.
San Juan, Puerto Rico 00917
Tel: (787) 705-2171
Fax: (787) 936-7494

*Attorneys for Governor Ricardo Antonio Rosselló Nevares*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to all CM/ECF participants in this case.

*/s/ Luis C. Marini-Biaggi*
Luis C. Marini-Biaggi